IN THE UNITED STATES FEDERAL DISTRICT COURT

FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA | ] |
| (Fictitious Party) | ] |
|     Plaintiff | ] |
| | ] |
| v. | ] Case No. 4:10-cr-00131-FJG-1 |
| | ] (Cestui Que (Vie) Trust) |
| Denny-Ray: Hardin, sui juris | ] |
| (Real Party of Interest) | ] |
|     Beneficiary | ] |

MOTION TO DISMISS FOR LACK OF TERRITORIAL JURISDICTION

CHALLENGE TO JURISDICTION OF FEDERAL PROSECUTOR AND DOJ

COMES NOW Denny –Ray: Hardin, the accused, who hereby demands of this legislative tribunal and judicial assembly the dismissal of this cause because of the lack of exclusive jurisdictional authority over the exact geographical location where the alleged criminal activity mentioned in the indictment took place; and hereby files this formal Motion to Dismiss for Lack of Territorial Jurisdiction.

The Supreme Court decision, decided April 26, 1995, addresses the issues of exclusive legislative jurisdiction of the Congress, the powers of the Federal government, and the subsequent subject matter of a Federal District Court. Supreme Court Justice Thomas in the concurring majority opinion in the case of United States v. Lopez, No. 93-1260, 115 S. Ct. 1624, 131 L. Ed. 2d 626, states very clearly:

Indeed, on this crucial point, the majority and Justice Breyer [the Justice writing the dissenting opinion] agree in principle: the Federal Government has nothing approaching a police power." (pg 64.)

1

Then Justice Thomas went on to discuss a regulation of police (pg. 86), wherein he stated:

United States v. Dewitt, 76 US 41 9 Wall 4, 19 L. Ed 593 (870), marked the first time the court struck down as exceeding the power conveyed by the commerce clause. In a 2 page opinion, the court invalidated a nation-wide law prohibiting all sales of naphtha, and illuminating oils. In so doing, the court remarked that the commerce clause has always been understood as limited by its terms; and as a virtual denial of any power to interfere with the internal trade and business of the separate states."

**The Power for the Federal Government to Enforce Federal Criminal law only exist within the states on land purchased by the U.S. federal government where Notice requirements are met to meet due process requirements.** Listen to the words of the Supreme Court; In view of 40 USCS 255, "no jurisdiction exists in United States to enforce federal criminal laws, … , unless and until a consent to accept jurisdiction over such lands is filed in behalf of the United States as provided in said Act? …" and fact that state has authorized government to take jurisdiction is immaterial. **Adams v. United States** (1943) 319 US 312, 87 L Ed. 1421, 63 S. Ct. 1122. (Quoted from U.S. statute 40 USCS 255, Interpretive Note #14, citing the US Supreme Court).

40 USCS 255 is also at 40 USC 3011,3012 see…

TITLE 40 > SUBTITLE II > PART A > CHAPTER 31 > SUBCHAPTER II >
§ 3112. Federal jurisdiction

(a) **Exclusive Jurisdiction Not Required.**— It is not required that the Federal Government obtain exclusive jurisdiction in the United States over land or an interest in land it acquires.

(b) **Acquisition and Acceptance of Jurisdiction.**— When the head of a department, agency, or independent establishment of the Government, or other authorized officer of the department, agency, or independent establishment, considers it desirable, that individual may accept or secure, from the State in which land or an interest in land that is under the immediate jurisdiction, custody, or control of the individual is situated, consent to, or cession of, any jurisdiction over the land or interest not previously obtained. The individual shall indicate acceptance of jurisdiction on behalf of the Government by filing a notice of

2

acceptance with the Governor of the State or in another manner prescribed by the laws of the State where the land is situated.

(c) **Presumption.**— It is conclusively presumed that jurisdiction has not been accepted until the Government accepts jurisdiction over land as provided in this section.

*[Federal jurisdiction] "...must be considered in the light of our dual system of government and may not be extended...in view of our complex society, would effectually obliterate the distinction between what is national and what is local and create a completely centralized government." United States v. Lopez, 514 U.S. 549, 115 S.Ct.1624(1995).*

*"In view of 40 USCS 255, no jurisdiction exists in United States to enforce federal criminal laws, unless and until consent to accept jurisdiction over lands acquired by United States has been filed in behalf of United States as provided in said section, and fact that state has authorized government to take jurisdiction is immaterial." Adams v. United States (1943) 319 US 312, 87 L Ed. 1421, 63 S. Ct. 1122*

*"The law requires proof of jurisdiction to appear on the record of the administrative agency and all administrative proceedings." Hagans v Lavine 415 U. S. 533.*

"The law provides that once State and Federal jurisdiction has been challenged, it musts be proven." **Main v Thiboutot, 100 S Ct. 2502(1980)**

"Jurisdiction can be challenged at any time," and "Jurisdiction, once challenged, cannot be assumed and must be decided." **Basso v. Utah Power & Light Co. 395 F 2d 906, 910**

"Defense of lack of jurisdiction over the subject matter may be raised at any time, even on appeal." **Hill Top Developers v. Holiday Pines Service Corp. 478 So. 2d, 368 (Fla 2nd DCA 1985)**

3

"Once challenged, jurisdiction cannot be assumed, it must be proved to exist." **Stock v. Medical Examiners 94 Ca 2d 751. 211 P2d 289**

"There is no discretion to ignore that lack of jurisdiction." **Joyce v. US, 474 F2d 215** "the burden shifts to the court to prove jurisdiction." **Rosemond v. Lambert, 469 F2d 416** "a universal principle as old as the law is that a proceedings of a court without jurisdiction are a nullity and its judgment therein without effect either on person or property," Norwood **v. Renfield, 34 C 329; Ex parte Giambonini, 49 P. 732** "jurisdiction is fundamental and a judgment rendered by a court that does not have jurisdiction to hear is void ab initio." **In re Application of Wyatt, 300 P. 132; p Re Cavitt, 118 P2d 846** "Thus, where a judicial tribunal has no jurisdiction of the subject matter on which it assumes to act, its proceedings are absolutely void in the fullest sense of the term." **Dillon v. Dillon 187 p27**

> Further support for this understanding is readily available from the courts:
>
> Special provision is made in the Constitution for the cession of jurisdiction from the states over places where the federal government shall establish forts or other military works. And it is only in these places, or in territories of the United States, where it can exercise a general jurisdiction [New Orleans v. United States, 35 U.S. (10 Pet.) 662 (1836)]
>
> All legislation is prima facie territorial
> [American Banana Co. v. U.S. Fruit, 213, U.S. 347 at 357-358]
>
> There is a canon of legislative construction which teaches Congress that, unless a contrary intent appears [legislation] is meant to apply only within territorial jurisdiction of the United States.
> [U.S. v. Spelar, 338 U.S. 217 at 222]
>
> the United States never held any municipal sovereignty, jurisdiction, or right of soil in Alabama or any of the new states which were formed ... The United States has no Constitutional capacity to exercise municipal jurisdiction, sovereignty or eminent domain, within the limits of a state or elsewhere, except in the cases in which it is expressly granted ...
> [Pollard v. Hagan, 44 U.S.C. 213, 221, 223]
>
> ... the states are separate sovereigns with respect to the federal government
> [Heath v. Alabama, 474 U.S. 187]

4

No sanction can be imposed absent proof of jurisdiction [Stanard v. Olesen, 74 S. Ct.768]

Once challenged, jurisdiction cannot be 'assumed', it must be proved to exist. [Stuck v. Medical Examiners, 94 Ca2d 751.211 P2s 389]

Jurisdiction, once challenged, cannot be assumed and must be decided. [Maine v. Thiboutot, 100 S. Ct. 250]

... Federal jurisdiction cannot be assumed, but must be clearly shown. [Brooks v. Yawkey, 200 F. 2d 633]

The law requires proof of jurisdiction to appear on the record of the administrative agency and all administrative proceedings [Hagans v. Lavine, 415 U.S. 533]

If any tribunal finds absence of proof of jurisdiction over person and subject matter, the case must be dismissed. [Louisville R.R. v. Motley, 211 U.S. 149, 29 S. Ct. 42]

Other cases also such as McNutt v. G.M., 56 S. Ct. 789,80 L. Ed. 1135, Griffin v. Mathews, 310 Supp. 341, 423 F. 2d 272, Basso v. U.P.L., 495 F 2d. 906, Thomson v. Gaskiel, 62 S. Ct. 673, 83 L. Ed. 111, and Albrecht v U.S., 273 U.S. 1, also all confirm, that, when challenged, jurisdiction must be documented, shown, and proven, to lawfully exist before a cause may lawfully proceed in the courts..

Title 18 U.S.C. § 7 specifies that the territorial jurisdiction of the United States extends only outside the boundaries of lands belonging to any of the 50 states, and Title 40 U.S.C. § 255 specifies the legal conditions that must be fulfilled for the United States government to have exclusive or shared jurisdiction within the area of lands belonging to the States of the Union.

THEREFORE, the accused would demand of this court as an "independent" and "non-biased" THIRD PARTY, to order the DOJ and PROSECUTOR to produce the documentation as required by the statute to establish the required exclusive Federal jurisdiction that has been merely assumed in this matter, consisting of:

1. Documentation showing ownership of each and every geographical location mentioned in the instant indictment wherein the alleged criminal activity took place.

2. Documentation from the legislature of the Republic of Missouri and any of the

5

other 49 states surrendering jurisdiction to the Federal government over the same geographical locations as in #1.

3. Documentation pursuant to Title 40 U.S.C. § 255, wherein the United States accepted jurisdiction to the same geographical locations as specified in #1, OR, documentation showing concurrent jurisdiction with the Republic of Missouri and any of the other 49 states over the geographical locations in #1;

OR, absent the production of such required documentation showing lawful Federal jurisdiction over these geographical locations; dismiss the action entirely, immediately.

Respectfully submitted this 11th day of April , 2011

## Statement of Truth

I, Denny-Ray: Hardin do hereby certify that the foregoing is true and correct, to the best of my knowledge and beliefs without purpose to mislead. The right to amend is reserved.



Denny-Ray: Hardin, sui juris
All rights reserved
UCC 1-308
Formally UCC1-207

c/o 2450 Elmwood Avenue
Kansas City, Missouri
[64127]

6

Case 4:10-cr-00131-GAF   Document 59   Filed 05/27/11   Page 6 of 7

## Certificate of Service

I Denny-Ray: Hardin do hereby certify that a copy of the foregoing was mailed by certified mail on this 11th day of April 2011 to the following:

Eric H. Holder, Jr
DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue NW
Washington, District of Columbia
20530-0001
Certified Mailing # 7009 0960 0000 9901 3786

United States Federal District Court
for the Western District of Missouri
Office of the Clerk
400 East Ninth Street
Kansas City, Missouri
64106-0089
Certified Mailing # 7009 0960 0000 9901 3779

Brian Patrick Casey
United States Attorney's Office
400 E. 9th St.
5th Floor
Kansas City, MO 64106
(816) 426-4138
(817) 426-3850 (fax)
Certified Mailing # 7009 0960 0000 9901 3762



Denny-Ray: Hardin, sui juris
All rights reserved
UCC 1-308
Formally UCC1-207