IN THE UNITED STATES FEDERAL DISTRICT COURT

FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA | ] |
| (Fictitious Party) | ] |
| Plaintiff | ] |
| | ] |
| v. | ] Case No. 4:10-cr-00131-FJG-1 |
| | ] (Cestui Que (Vie) Trust) |
| Denny-Ray: Hardin, sui juris | ] |
| (Real Party of Interest) | ] |
| Beneficiary | ] |

MOTION TO DISMISS

COMES NOW, Denny-Ray: Hardin, sui juris, within his Constitutional rights of the Fourth, Fifth and Sixth Amendments to the Constitution for the United States of America. Because violations of "due process of law" have repeatedly occurred in this cause of action, the Court lacks personal, subject matter and territorial jurisdiction to proceed with criminal prosecution. Because jurisdiction has been repeatedly challenged and not met with an answer, no evidence of jurisdiction is currently on the record. For this court to proceed without jurisdiction will constitute yet another act of "Treason" as clearly stated and affirmed by the Supreme Court, "When a judge acts where he or she does not have jurisdiction to act, the judge is engaged in an act or acts of treason." U.S. v. Will, 449 U.S. 200, 216, 101 S.Ct. 471, 66 L. Ed. 2nd 392, 406 (1980) Cohen V. Virginia, 19 U.S. (6wheat) 264, 404 5 L. Ed 257 (1821). F.B.I. Agent Nathan Vansickle has admitted under oath, while on the witness stand on May 26, 2011 that **NO** criminal complaint has been signed under Rule 3 against Denny-Ray: Hardin. The lack of a criminal complaint removes all probable cause for warrants and the indictment.

1

For a Judge/Magistrate to refuse to honor his commitment to support the Constitution will be grounds to seek impeachment and removal from Public Office under Article I, Section 3, Parts 6 and 7 of the Constitution for the United States of America. Filed under Rule 12 (b) (3) (A) alleging a defect in instituting the prosecution.

## "Jurisdiction"

Authority for the Supreme Court to promulgate rules of procedure is at 28 U.S.C. 2072 and 2072 (b) preserves rights: "(b) Such rules shall not abridge, enlarge or modify any substantive right." Federal rules of civil and criminal procedure preserve constitutionally secured rights. The three Amendments that govern Federal criminal prosecution are the Fourth, Fifth and Sixth Amendments that follow:

Amendment IV: The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, shall not be violated, and no warrants shall issue, but upon probable cause. supported by oath or affirmation and particulary describing the place to be searched and the person or things to be seized.

Amendment V: No person shall be held to answer for a capital or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty or property, without due process of law; nor shall private property be taken for public use, without just compensation.

Amendment VI: In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which distract shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses gaainst him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.

All Federal courts, including the Supreme Court, are courts of limited jurisdiction. Common law jurisdiction over contracts, historically recognized common crimes,etc., is reserved to courts of the several states within their respective territorial borders. The Tenth Amendment imposes this limitation:

Amendment X: "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people."

If a power is not enumerated in the Constitution, primarily in Article I, 8 Federal government lacks subject matter jurisdiction within the union. This provides the framework for what is known as the "arising under clause" at Article III 2 clause 1 of the Constitution:

Section 2: "The judicial power shall extend to all cases, in law and equity, arising under the Constitution, the laws of the United States, and Treaties made or which shall be made under their authority."

Each of the powers enumerated, regardless of what branch it is enumerated for, must be set in motion by legislation, the legislation being in the form of statute or law. This is specified at Article I, Section 8, Clause 18:

3

Clause 18: "[The Congress shall have power] To make all laws which shall be necessary and proper for carrying into Execution the foregoing powers and all other powers vested by this Constitution in the Government of the United States or in any Department or officer thereof."

Coming to grips with Article I, Section 8. Clause 18 in the context of the "arising under clause" at Article III, Section 2, Clause 1 sheds light on United States judicial power and understanding of "due process of law". Unless the law vests authority in Federal administrative agencies or the courts themselves, courts of the United States do not have subject matter jurisdiction.

In order to prosecute the Government must (1) identify a statute and (2) prove application of a liability statute, before a penalty statute is applicable. Without the first two elements, a Federal court lacks subject matter jurisdiction to impose a penalty, whether civil or criminal. The principle applies to nearly all Federal penalty statutes, whether relating to tax, commerce, securities or anything else. Without a preexisting liability to perform or refrain from any given activity, a Federal penalty statute doesn't' apply. Unless all elements are in place, the Department of Justice, U.S. Attorney or whatever has failed to meet threshold criteria for burden of proof, with the effect being that the Federal Court lacks subject matter jurisdiction.

There is also an additional important element of proof: What is the geographical application of any given law or set of laws? In Foley Brothers v. Filardo (1948) 336 U.S. 281, "It is a well established principle of law that all federal legislation applies only within the territorial jurisdiction of the United States unless contrary intent appears." This is the burden of proof of the Department of Justice and U.S. Attorney to prove they have "Territorial Jurisdiction" under 40 U.S.C. 255. Failure to produce documented evidence of "territorial jurisdiction" fails to meet

4

the burden of proof and the Federal court lacks "territorial jurisdiction." The advocate, in this case the Attorney General or U.S. Attorney, must prove venue or geographical application of any given statute.

"Due Process of Law"

We saw at 28 USC 2072 (b) that Federal rules of procedure may not deprive anyone of substantive rights. Rights secured by the Fourth, Fifth and Sixth Amendments are carved in stone, and they are cumalitive they are not independent or elective unless someone knowingly chooses to forfeit one of the specified rights. If one of the constitutionally secured rights is bypassed, administrative offices, including the Department of Justice and the U.S. Attorney and courts of the United States, lack or lose subject matter jurisdiction. This is the essence of the Fifth Amendment guarantee that no person shall be deprived of life, liberty or property without "due process of law". Here we see two distinct elements: Not only does there have to be law which compels or prohibits any given activity, but procedure or process must conform to that prescribed by the Constitution and laws of the United States." The Fourth, Fifth and Sixth Amendments secure mandatory minimum requirements of due process.

The Fourth Amendment requirement for probable cause, "Supported by Oath or Affirmation," is the jumping-off point. No warrants shall issue, but upon probable cause, supported by oath or affirmation. Here are two secured rights: there must be an oath or affirmation, a complaint, that specifies key elements of a crime, and a committing magistrate must issue a warrant based on the complaint. The complaint is made in a probable cause hearing. Unless or until these threshold requirements are met, there can be no lawful Federal prosecution.

5

Our concern is whether or not the Federal Rules of Criminal Procedure preserves this right secured by the Constitution. We find that they do. Rule 3 of the Federal Rules of Criminal Procedure is specific:

"Rule 3.The Complaint. "The complaint is a written statement of the essential facts constituting the offense charged. It shall be made upon oath before a magistrate."

Rule 3 through 9 of the Federal Rules of Criminal Procedure preserve the proper procedural sequence of the Fourth, Fifth and Sixth Amendments. If any portion of any of these rules, i.e, of any of the three Amendments, is defective, courts of the United States lose subject matter jurisdiction.

Where is the affidavit of complaint, probable cause hearing, et al? Has the defendant had the opportunity to examine witnesses or present contravening documentary or other evidence? As we will see current Federal prosecution practice for all practical purposes trashes Fourth, Fifth and Sixth Amendment due process of rights, and it employs the services of quasi-judicial officers who don't have lawful authority to do what they are doing. In sum, current Federal prosecution practice amounts to a criminal conspiracy among administrative and judicial officers. Federal criminal prosecution must begin with an affidavit of criminal complaint required by the Fourth Amendment and Rule 3 of the Federal Rules of Criminal Procedure. Without the affidavit of complaint courts of the United States do not have subject matter jurisdiction.

The Federal courts are presently relying on Rule 9 (a), "Warrant or summons upon Indictment or Information/" Rule 9 (a), in relative part stipulates that, "Upon the request of tha attorney for the government the court shall issue a warrant for each defendant named in a information supported by a showing of probable cause under oath as is required by Rule 4 (a) or in an indictment. More

6

than one warrant or summons may issue for the same defendant. When a defendant arrested with a warrant or summons to appear initially before a magistrate judge, the magistrate judge shall proceed in accordance with the applicable divisions of Rule 5". They then jump to Rule 10, the arraignment, rather than dropping back to Rule 5 as Rule 9 specifies. Rule 5 is "Initial Apperance before the Magistrate Judge." Grand juries have certain investigative powers. If in the course of investigating a cause of action that is lawfully before them, grand jury members may find evidence sufficient to recommend additional charges, or name additional defendants, by way of presentment. However, if the original complaint against the primary defendant for a specific offense is not before it, the grand jury has no basis for initiating an investigation. There must be original probable cause determined by a committing magistrate, with the finding of probable cause being predicated on the antecedent complaint. No complaint exists in this cause of action.

Rule 6 (b) (1) demonstrates this point: "(1) challenges. The attorney for the government or a defendant who has been held to answer in the district court may challenge the array of jurors on the ground that the grand jury was not selected, drawn or summoned in accordance with law, and may challenge an individual juror on the ground that the juror is not legally qualified. Challenge shall be made before the administration of the oath to the jurors and shall be tried by the court." The right to challenge grand jury array (composition) and individual jurors is antecedent to individual jurors being administered the oath required prior to a grand jury being formally seated. The government attorney and the defendant or defendant's counsel, both have the right to challenge array and disqualify grand jury candidates prior to the grand jury being seated. If this right has been denied, there is a simple solution at Rule 6 (b) (2): "(2) Motion to Dismiss. A

motion to dismiss the indictment may be based on objections to the array or on the lack of legal qualification of an individual juror, if not previously determined upon challenge. It shall be made in the manner prescribed in 28 U.S.C. 1867 (e) and shall be granted under the conditions prescribed in the statute. An indictment shall not be dismissed on the ground that one or more members of the grand jury were not legally qualified if it appears from the record kept pursuant to subdivision (c) of this rule that 12 or more jurors, after deducting the number not legally qualified, concurred in finding the indictment. "Rule 6 (c) requires the grand jury foreman to record the vote and then file a letter or certificate of concurrence with the clerk of the court.

If the original defendant or his counsel did not have the opportunity to challenge the grand jury array (composition selection process) and individual grand jurors prior to the grand jury being seated, they're all disqualified as the qualification process is among the defendant's constitutionally secured due process rights. By consulting Chapter 121 of Title 28 generally and 28 U.S.C. 1867 specifically, we find that there is no distinction in the voir dire examination and other jury qualification process for grand jury or petit trial juries: "(a) In criminal case, before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by exercise of diligence, the grounds therefore, whichever is earlier, the defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury." If a defendant doesn't know a grand jury is investigating him, he doesn't have the opportunity to challenge the grand jury array, or individual grand jurors. Consequently, he has been deprived of substantive due process, which is expressly prohibited by 28 U.S.C. 2072 (b).

8

We have an adversarial judicial system. All parties to any given action, the government included, stand on equal ground. The system isn't set up for convenience of the government. Government always has the burden of proof whether in civil or criminal matters. The defendant has the right to challenge the qualifications and competency of everyone involved in the prosecution process, including grand and petit jurors selected from "peers" who ultimately have responsibility for determining indictable offenses and/or final liability. If and when government personnel deprive the Citizen of any of these rights, constitutionally secured due process of law is abridged. In that event, courts lose subject matter jurisdiction.

Now consider Rule 6 (f) Federal Rules of Criminal Procedure: "(f) Finding and Return of Indictment. The indictment shall be returned by the grand jury to a concurrence of 12 or more jurors. The indictment shall be returned by the grand jury to a Federal magistrate judge in open court. If a complaint or information is pending against the defendant and 12 or more jurors do not concur in finding an indictment, the foreperson shall so report to a Federal magistrate judge in writing forthwith." This section of Rule 6 specifies foundation necessities: Federal government may prosecute felony crimes only on a valid affidavit of complaint that has been presented in a Probable cause hearing (Rules 3 and 4). Only corporations can be prosecuted via "information". Rule 6 (f) preserves the antecedent affidavit of complaint and probable cause hearing in the second sentence: "The grand jury may proceed only on "complaint" or "information" that has previously been formally processed." Additionally, if the grand jury issues an indictment, the return must be made in open court to a magistrate judge.

9

The United States Magistrate Judge was originally a national park commissioner. The name of the office has changed, but the nature of the office hasn't. This is an administrative, not a judicial office. It's equivalent to what used to be the police court magistrate. Today the only offenses triable by a United States Magistrate Judge are traffic violations and other misdemeanor and petty offenses committed on military reservations, in national parks and forests, etc., under regulations promulgated by the Department of Defense and the Department of the Interior.

United States Magistrate Judges in the several states have "Venue" jurisdiction solely over offenses committed on Federal enclaves where United States Government has exclusive or concurrent jurisdiction ceded by one of the several states. And as Rule 5 ( c ) specifies, they can not even ask for much less make a plea for a defendant charged with a felony crime. This prohibition is effective under Rules 5, 9, 10, and 11. When and if a United States Magistrate Judge asks for or makes a plea for a defendant in a felony case, he has usurped power vested in Article III judges of the United States. When this quasi-judicial officer exceeds authority Congress vested in him by law the United States loses subject matter jurisdiction and there are grounds to pursue lawful remedies, both civil and criminal. Government officials, regardless of capacity, enjoy the cloak of immunity only to the outer reaches of their lawful authority. The notion of blanket judicial or any other absolute immunity is nothing more than a convenient fiction.

Rule 5 (c), second paragraph, also stipulates that, "A defendant is entitled to a preliminary examination, unless waived, when charged with any offense, other than a petty offense, which is to be tried by a judge of the district court". Essentials of the preliminary hearing or examination

10

are prescribed at Rule 5.1 (a) of the Federal Rules of Criminal Procedure: "(a) Probable cause finding. If from the evidence it appears that there is probable cause to believe that an offense has been committed and that the defendant committed it, the federal magistrate judge shall forthwith hold the defendant to answer in district court. The finding of probable cause may be based upon hearsay evidence in whole or in part. The defendant may cross-examine adverse witnesses and may introduce evidence."

We will now summarize indispensable or "substantive" elements of Federal Criminal Prosecution: The criminal prosecution process may commence if and only if there is an affidavit of criminal complaint submitted under oath in a probable cause hearing. (Rule 3, F.R.Crim.P.) A commiting magistrate judge must issue a warrant or summons after finding probable cause (Rule 4, F.R. Crim. P.)The defendant may be arrested and "returned" by the appropriate Federal authority. (Rule 4, F.R.Crim.P.) The defendant then has an initial appearance at which he is asked to enter a plea, and bond if any, is set. If the offense if a felony crime, a United States magistrate judge may not ask for or enter a plea. (Rule 5 (c) F.R.Crim.P.) The defendant, or his counsel, has the right to challenge array of the grand jury pool and voir dire individual grand jury candidates prior to the grand jury being sworn in. (Rule 6 (b) F.R.Crim.P.) Refusal or failure to allow defendant to challenge grand jury is grounds for dismissal. (28 U.S.C. 1867) The grand jury must return indictments in open court, and the grand jury foreman must file a letter or certificate of concurrence with the clerk of the court. (Rule 6 (f) F.R.Crim.P.) After all previous conditions are met, as applicable, a defendant may be arraigned and called on to plea (Rules 10 and 11 F.R.Crim.P)

11

## "Fraudulent Grand Jury Indictment"

Because there is no "complaint" to support probable cause no lawful grand jury could have conducted an investigation. It appears that the Department of Justice and United States Attorneys are convening a grand jury under the auspices of the "Special Grand Jury" provisions of Chapter 216 (3331-3334) of Title 18. However, this is misapplication of law as "Special Grand Juries" investigation authority extends only to criminal activity involving government personnel, and the "Special Grand Juries" are limited to issuing reports. Defendants and prospective defendants are afforded the opportunity to rebut or correct the reports prior to public release. Although evidence unearthed by a "Special Grand Jury" may be used as the basis of criminal prosecution, the "Special Grand Jury" **does not have indictment authority.**


The first steps toward securing "secret indictments" were taken during prohibition days to shield grand juries from reprisal. Although " secret indictments" were and are patently unconstitutional, the extreme remedy in the midst of what amounted to domestic war on organized crime, was rationalized in what amounted to volatile and dangerous circumstances. Unfortunately, the other such rationalizations, those who found the extraordinary process convenient incorporated it as a routine practice. "Special Grand Juries" handing down "indictments" is clear "fraud" 18 U.S.C. 1001 to deceive the public, that a lawful action, by a lawful grand jury, has been conducted. Because no complaint is present to support probable cause, the arrest, detention and prosecution is all "fraud". Because a criminal case must begin with a complaint, a probable cause hearing, leading to a grand jury investigation. The issuance of an indictment without these due process of law requirements establish the indictment is the product of fraud.

12

"Due Process of Law Violations"

There is no "complaint" present in this cause of action, as clearly stated in the "Docket Entries Page 2". Without a complaint, this case was not established in compliance with Rule 3 and the 4th Amendment that requires probable cause be established for warrant, arrest, and prosecution. On May 10, 2010, Denny-Ray: Hardin arrested without a warrant, supported by probable cause in violation of the 4th Amendment. Today it has become clear the "Indictment" was handed down without a probable cause complaint, required to initiate an investigation by the grand jury, in clear denial of due process of law required by the 5th Amendment. Denny-Ray: Hardin was forced into contract with an incompetent B.A.R. Attorney, to deny him all due process of law required by the 5th Amendment, and counsel of choice in violation of the 6th Amendment. Through Proscutorial Misconduct Denny-Ray:Hardin has been arrested and held hostage without lawful warrant for over a year in violation of the 4th Amendment requiring lawful warrants, 5th Amendment requiring due process of law to take a person's liberty and the 6th Amendment right of a speedy trial within 70 days. By refusing petitions for redress of grievances, the 1st Amendment right has been violated by closing court. This case began in November 2008 when a search warrant was unlawfully issued without probable cause in violation of the 4th Amendment. This case has been examined by people around the world who can not believe this is the conduct of "Officers of the Court" in the "Constitutional Courts" of the United States of America. The facts, law and evidence speak for themselves.

## Relief Requested

This case should be dismissed in its entirety, with prejudice, for lack of personal, territorial, and subject matter jurisdiction. To maintain this criminal prosecution without complaint, without probable cause or injured party is clearly "fraud on the Court" by all "Officers of the Court" engaged in "Conspiracy against rights". For the foregoing reasons, Defendant seeks relief from this unlawful prosecution.

## Statement of Truth

The foregoing is true and correct to the best of my knowledge and beliefs under the penalty of perjury. The right to amend is reserved for the truth to be clearly stated.



Denny-Ray: Hardin, Sui Juris

All rights reserved UCC1-308

Formally UCC1-207

IN THE UNITED STATES FEDERAL DISTRICT COURT

FOR THE WESTERN DISTRICT OF MISSOURI

| UNITED STATES OF AMERICA | ] |
|---|---|
| (Fictitious Party) | ] |
| Plaintiff | ] |
| | ] |
| v. | ] Case No. 4:10-cr-00131-FJG-1 |
| | ] (Cestui Que (Vie) Trust) |
| Denny-Ray: Hardin, sui juris | ] |
| (Real Party of Interest) | ] |
| Beneficiary | ] |

## Certificate of Service

I Denny-Ray: Hardin do hereby certify that a copy of the attached Motion1) MOTION TO DISMISS was mailed by certified mail on this 1st day of June 2011 to the following:

Brian Patrick Casey
United States Attorney's Office
400 E. 9th St., 5th Floor
Kansas City, MO 64106
Certified Mailing # 7009 0960 0000 9901 2857



Denny-Ray: Hardin, sui juris
All rights reserved UCC 1-308
Formally UCC1-207