IN THE UNITED STATES FEDERAL DISTRICT COURT

FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA | ] |
| (Fictitious Party) | ] |
|     Plaintiff | ] |
| | ] |
| v. | ] Case No. 4:10-cr-00131-FJG-1 |
| | ] (Cestui Que (Vie) Trust) |
| Denny-Ray: Hardin, sui juris | ] |
| (Real Party of Interest) | ] |
|     Beneficiary | ] |

## MOTION TO SUPRESS EVIDENCE

Comes Now, Denny-Ray: Hardin, sui juris as an American National with all rights, privelages and immunities of a free man of the Republic of Missouri within the Republic of the united States of America.

All evidence present in this cause of action was obtained by unlawful acts of a F.B.I Agent acting without a proper warrant. Based upon F.B.I. Agent Vansickles testimony of May 26, 2011 while on the stand; under oath; there is no complaint present in this cause of action.

1

Since a criminal complaint "required by Rule 3" as the foundation for the issuance of warrants "Rule 4" no lawful warrant can be established to allow seizure of property. Denny-Ray: Hardin now motions for all evidence to be suppressed under Rule 12(b)(3)(C).

Authorities Relied Upon

- as quoted in Pugach v. Klein, 193 F. Supp. 630 (S.D.N.Y. 1961)

" [16 ] Rule 3 and 4 of Federal Rules of Criminal Procedure requires that an arrst warrant shall be issued only upon a written and sworn complaint (1) setting forth the essential facts constituting the offense charges and (2) showing there is probable cause to believe that an offense has been committed and the defendant has committed it. These Rules implement the requirement of the 4th Amendment that no warrant shall issue, but upon probable cause supported by oath of affirmation, and particularly describing the place to be searched and the persons or things to be seized. These Rules apply both to arrest as well as search warrants. " Giordenello v. United States 1958, 357 US 480, 485-486, 78 S.Ct. 1245, 2 L.Ed. 2d 1503.

Fruit of the poisonous tree doctrine. "Evidence which is spawned by or directly derived from an illegal search or illegal interrogation is generally inadmissible against the defendant because of its original taint, though knowledge of facts gained independently of the original and tainted search is admissible. Wong Sun v. U.S., 371 U.S. 471, 83 S.Ct. 407, 9 L. Ed. 2d 441. This doctrine is to the effect that an unlawful search taints not only evidence obtained at the search, but facts discovered by the process initiated by the unlawful search. This doctrine is generally applied to cases involving searches in violation of the Fourth Amendment to the Constitution

2

right against unlawful searches and seizures, but it can be applied to searches in violation of a statutory right. Duncan v. State, 278 Ala. 145, 176 So.2d 840, 865.

Exclusionary Rule. This rule commands that where evidence has been obtained in violation of the search and seizure protections guaranteed by the United States Constitution, the illegally obtained evidence cannot be used at the trial of the defendant. Under this rule evidence which is obtained by an unreasonable search and seizure is excluded from admissibility under the Fourth Amendment, and this rule has been held to be applicable to the States. Mapp v. Ohio, 367 U.S. 643, 81 S. Ct. 1684, 6 L.Ed. 2d 1081.

*the duty of the judicial officers have been clearly stated in Brown v. Duggan, 329 F.Supp. 207 (W.D.Pa. 1971).

"[3][4] The interpretation to be given Criminal Rules 3 and 4 was set out by the Supreme Court in [1958] Giordenello v. United States, 357 U.S. 480, 485-486, 78 S.Ct. 1245, 2 L.Ed. 2d 1503." There the court pointed out that Rules 3 and 4 were to be read so as to afford Fourth Amendment protection. (FN8) bearing this in mind, we hold that the requirements of Rules 3 and 4 must be strictly complied with so as to preclude the mischief which would result if arrest warrants were issued upon less than substantial grounds. Casual accusations cannot be the basis for a person being deprived of his liberty. The criminal process of the courts shall be invoked only if the complaining party goes before an officer having power to order persons committed for offenses against the United States.

Before such an officer the complaintant shall swear to the allegations of his complaint. The importance of personal appearance is apparent both from the Fourth Amendment and Rule 4.

3

The officer receiving the complaint must make a determination of probable cause, and in the event he finds probable cause he is required under Rule 4 to issue criminal process, i.e., to order the person of the accused seized. (FN9).

Prior to his exercising this power, the issuing officer is required to personally examine the complaintant with regard to both the information contained in the complaint and the source of that information. (FN10)"

Conclusion

Because F.B.I. Agent Vansickle testified under oath on May 26, 2011 that no criminal complaint is present in this cause of action, Magistrate Robert E. Larsen failed in his dutoes to require due process of law from the assistant UNITED States Attorney. Because there is no complaint, the issuance of an arrest and search warrant is clear "fraud on the court". Denny-Ray: Hardin has been deprived of the most basic protection of rights guaranteed to every American, his liberty has been taken for over a year without a lawful warrant, and is now being subjected to the possibility of 75 years in prison without a signed complaint. If this is the standard of Justice being administered by Federal District Courts and the Federal Bureau of Investigation, every case should be reviewed for criminal complaints. Without a complaint a search warrant was unlawfully issued, and an arrest warrant was unlawfully issued, and the indictment was unlawfully issued.

Therefore, all evidence seized by the unlawful warrant and all evidence derived from that evidence must be suppressed. Allowing such a prosecution to continue can only be "conspiracy against rights" 18 USC 241.

## Relief Requested

For the foregoing reasons, Denny-Ray: Hardin seeks suppression of all evidence and a dismissal of all charges. Denny-Ray: Hardin seeks orders of immediate release from unlawful detention.

## Statement of Truth

The foregoing is true and correct to the best of my knowledge and beliefs under the penalty of perjury. The right to amend is reserved for the truth to be clearly stated.



Denny-Ray: Hardin, Sui Juris

All rights reserved UCC1-308

Formally UCC1-207

5

IN THE UNITED STATES FEDERAL DISTRICT COURT

FOR THE WESTERN DISTRICT OF MISSOURI

| UNITED STATES OF AMERICA | ] |
|---|---|
| (Fictitious Party) | ] |
| Plaintiff | ] |
| | ] |
| v. | ] Case No. 4:10-cr-00131-FJG-1 |
| | ] (Cestui Que (Vie) Trust) |
| Denny-Ray: Hardin, sui juris | ] |
| (Real Party of Interest) | ] |
| Beneficiary | ] |

## Certificate of Service

I Denny-Ray: Hardin do hereby certify that a copy of the attached 1) MOTION TO SUPRESS ALL EVIDENCE was mailed by certified mail on this 6th day of June 2011 to the following:

Brian Patrick Casey
United States Attorney's Office
400 E. 9th St., 5th Floor
Kansas City, MO 64106
Certified Mailing # 7009 0960 0000 9901 2840





Denny-Ray: Hardin, sui juris
All rights reserved UCC 1-308
Formally UCC1-207