IN THE UNITED STATES FEDERAL DISTRICT COURT

FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA | ] |
| (Fictitious Party) | ] |
|     Plaintiff | ] |
| | ] |
| v. | ] Case No. 4:10-cr-00131-FJG-1 |
| | ] (Cestui Que (Vie) Trust) |
| Denny-Ray: Hardin, sui juris | ] |
| (Real Party of Interest) | ] |
|     Beneficiary | ] |

Answer to Plaintiff's Suggestions in Opposition to Defendant's

Motion For Non-B.A.R Assistance of Counsel

Comes Now, Denny-Ray: Hardin, sui juris, as an American National born in the Republic of Missouri within the Republic of the united States of America as a "Beneficiary" of the "Cestui Que (Vie) Trust" also known as the Constitution for the united States of America." Brian Casey now suggests that the "District Courts of the United States" monopolize the Federal Courts for the "B.A.R. Association" and violate all "Anti-Trust Laws" that prohibit the monopoly.

Document 63, page 1 clearly suggests that the B.A.R. Association already requires a "license to practice law" and prohibits all who are not licensed from appearing in court. The right of

1

"Counsel" was established in 1789 under the 6th Amendment. "The practice of law is an occupation of common right (meaning anyone can practice law) according to Sims V. Ahrens 271 SW 720 (1925)." And according to the U.S. Supreme Court in Schware v. Board of Examiners, 353 U.S. 238, 239 attorneys cannot represent private citizens nor any business because a state cannot license the practice of law.

The Principle of law, at the time of the enactment of the 6th Amendment, came from the "Fundamental Constitution for the Province of East Jersey (1683) that says, "…and in all courts persons of all persuasions [sic] may freely appear in their own way, and according to their own manner and there plead their own causes themselves, or if unable by their friends." "The defendant has the fundamental Right to the effective assistance of Counsel of their choice, to stand by, and to advise the defendant while proceeding in Propria Persona." People v. Hill, (1969) 70 C. 2d 678, 76 Cal. Rptr. 225, 452 P. 2d 329, cert. Denied 406 U.S. 971; People v. Zamora (1944) 66 Cal. App. 2d 166, 152 P. 2d 180.

> "If this requirement of the Sixth Amendment is not complied with, the court no longer has jurisdiction to proceed." Johnson v. Zerbst, 304 U.S. 458, 468 (1938)

The U.S. Constitution confers no power upon the federal or state governments to limit, condition, regulate, or qualify the people's right to effective counsel in a criminal proceeding. Instead, it guarantees counsel, without qualification, to the people. Since the governments don't have that power, it resides with the people.

> "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Constitution, Amendment X.

2

Case 4:10-cr-00131-GAF   Document 116   Filed 06/27/11   Page 2 of 4

As a member of the "Good-Old-Boys" club, Known as the "B.A.R. Association" there is a clear "Conflict of Interest" for a "Judge, Prosecutor or Defense Attorney" to lawfully challenge the conduct of each other. Therefore, the defendant's interest is lost where these representatives are in concert.

"A judge should obstain from performing or taking part in any judicial act in which his personal interests are involved. If he has a personal litigation in the court of which he is judge, he need not resign his judgeship on that account, but he should, of course, refrain from any judicial act in such controversy." Cannons of Judicial Ethics, No. 29

Denial of the defendant's choice of a non-attorney for counsel also violates the defendant's civil rights under color of law. That violates U.S. law and imposes liability upon all other officials party to it- see Owen v. City of Independence, 455 U.S. 622, 657 (1980).

I. Civil Actions for Deprivation of Rights 42 USC 1983
    (1) Preventing Officer from performing duties:
    (2) Obstructing justice: intimidating party, witness or juror
    (3) Depriving persons of rights or privileges 42 USC 1985

II. Action for neglect to prevent 42 USC 1986

A Corrupt Judge can be removed from Public Office by "Impeachment under Article I, Section 3. Parts 6 and 7 of the U.S. Constitution for trespassing upon civil rights they have an "Oath of office" to uphold.

Finally if all else fails, a "RICO Lawsuit" can be filed by a "Private Attorney General" acting in the "Public Interest" to stop "Evil Judges". RICO is defined in 18 U.S.C. 1962 and punished in 18 U.S.C.1964.

Brian Casey has motioned for Magistrate Robert E. Larsen to deny Denny-Ray: Hardin his "Right to Contract" under 42 U.S.C. 1981 with anyone other than a BAR Association member as "Counsel". For the Magistrate to honor this absurd request; will constitute "Interference with Commerce by threats and violence" 18 U.S.C. 1951. Because the denial of both "Counsels of Choice" will demonstrate two violations of the same law so as to a systematic intent of Racketeering.

## Conclusion

Brian Casey has assistants sitting at his table who are often consulted by him in the proceedings. The law clearly states that the Plaintiff and Defense are on equal ground and should be treated equally. To date the Defendant has been convicted of nothing but is held in involuntary servitude in violation of the 13th Amendment, Either Denny-Ray: Hardin should be allowed Counsel of Choice, or Brian Casey's assistants should be removed. Either Denny-Ray: Hardin should be unshackled or Brian Casey should be treated the same. Bias and prejudice are clearly present in this court.

## Relief Requested

Denny-Ray: Hardin requests his 6th Amendment right to "Counsel of Choice" of Melinda Harrington and Shirley Oyer.