**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| **United States of America,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Criminal Action Number** |
| | ) | **10-00131-01-CR-W-FJG** |
| **Denny Ray Hardin,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is the MOTION TO SUPPRESS EVIDENCE (Doc. #76) filed on June 6, 2011, by defendant Denny Ray Hardin ("Hardin"). The issues before this Court[1] are:

    (1)    the validity of the search warrant 08-SW-00132 REL issued by Chief Magistrate Judge Robert E Larsen;

    (2)    the validity of the search warrant 08-SW-00133 REL issued by Chief Magistrate Judge Robert E. Larsen; and

    (3)    the possible suppression of statements Hardin made during the execution of search warrant 08-SW-00133 REL.

As an initial threshold consideration, the Court must determine whether a hearing is required to rule on Hardin's motion. To that end, "a hearing is unnecessary when it can be determined

---

[1] Several of the issues raised in Hardin's motion are being handled by Magistrate Judge Robert Larsen, to whom the motion was referred to by the District Court. However, Judge Larsen determined that the three issues discussed herein arose out search warrants issued by Judge Larsen. As such, the undersigned is making a REPORT AND RECOMMENDATION with respect to those three issues raised in Hardin's MOTION TO SUPPRESS EVIDENCE.

without a hearing that suppression is improper as a matter of law." *United States v. Losing*, 539 F.2d 1174, 1178 (8th Cir. 1976).

In his motion,[2] Hardin argues that the two subject search warrants were improper and invalid as a matter of law because:

(1) the search warrants were issued without an underlying criminal complaint, and

(2) the affidavits supporting the applications for the search warrants were not signed by a federal law enforcement officer.

Hardin's search warrant arguments are sufficiently developed in the pleadings for the Court to rule on them without a hearing.

Hardin asserts that a "criminal complaint required by Rule 3 [is] the foundation for the issuance of warrants [under] Rule 4." Hardin is mistaken. As set out in the pertinent rules, a judge "must issue an <u>arrest warrant</u> to an officer authorized to execute it" when a criminal complaint (and any accompanying affidavits) prepared pursuant to FED. R. CRIM. P. 3 "establish[es] probable cause to believe that an offense has been committed and that the defendant committed it." FED. R. CRIM. P. 4 (*emphasis added*). These rules do not pertain to <u>search warrants</u>. Instead, the authority to issue search warrants is embodied in a different rule:

---

[2] Hardin is proceeding *pro se* (although the Court has appointed standby counsel for Hardin). To that end, the Court has undertaken to afford Hardin's motion a liberal construction. *See*, *e.g.*, *Dodd v. United States*, 614 F.3d 512, 516 (8th Cir. 2010). However, there are limits to liberal construction. As this Court has noted in another case:

> [T]his standard does not relieve a *pro se* party of his obligations under the Federal Rules of Criminal Procedure and, although this Court will liberally construe [the defendant's] *pro se* pleadings, it cannot and will not act as his advocate.

*United States v. White*, 2008 WL 4816987, op. at *1 n.1 (W.D. Mo. Oct. 31, 2008).

> At the request of a federal law enforcement officer or an attorney for the government . . . a magistrate judge with authority in the district . . . has authority to issue a warrant to search for and seize a person or property located within the district.

FED. R. CRIM. P. 41(b)(1). There is no requirement that a criminal complaint under FED. R. CRIM. P. 3 be on file, rather a search warrant may properly issue so long as the Magistrate Judge is presented with information sufficient to establish that "there is probable cause to search for and seize a person or property or to install and use a tracking device." FED. R. CRIM. P. 41(d)(1).

In this case, Hardin does not argue that the information presented to the Magistrate Judge failed to meet this standard.[3] Nor does Hardin argue that any material information was omitted from that provided to the Magistrate Judge. Hardin's only remaining argument regarding the search warrants is that they were not issued at the request of "a federal law enforcement officer." Again, Hardin is mistaken.

---

[3] To the extent that Hardin <u>may</u> be challenging the sufficiency of the evidence supporting the issuance of the search warrants, the Court rejects the challenge. The role of a court reviewing a search warrant "is to ensure that the evidence as a whole provides a substantial basis for finding probable cause to support the issuance of the search warrant [and the] existence of probable cause depends on whether, in the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Solomon*, 432 F.3d 824, 827 (8th Cir. 2005) (*citations omitted*). *See also United States v. Leon*, 468 U.S. 897, 914, 104 S.Ct. 3405, 3416 (1984) ("the preference for warrants is most appropriately effectuated by according great deference to a magistrate's determination" as to whether an affidavit establishes probable cause.) Reviewing the affidavits supporting the issuance of the subject search warrants, the Court has no difficulty in concluding that the search warrants were issued with the requisite probable cause. Moreover, Hardin is not entitled to a hearing on the sufficiency of the evidence supporting the issuance of the search warrants. Such a hearing is only appropriate when a defendant "makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit" or was omitted by the affiant. *Franks v. Delaware*, 438 U.S. 154, 155-56, 98 S.Ct. 2674, 2676 (1978). Hardin has not met this standard.

Hardin admits that the two search warrants were issued after requests from a Special Agent with the Federal Bureau of Investigation, Nathan Van Sickle. However, Hardin argues that the FBI is not a federal law enforcement agency, but rather is a Delaware corporation and Special Agent Van Sickle is, thus, a mere "corporate employee." Hardin's argument is specious. As set out in the exhibits to his pleadings filed with this Court, officials are appointed to the FBI "to detect and prosecute crimes against the United States." 28 U.S.C. § 533. That is the very definition of a federal law enforcement officer.

With regard to statements made by Hardin made during the execution of search warrant 08-SW-00133 REL, Hardin himself does not identify any basis for suppression in his pleadings, but in a hearing before Judge Larsen to ascertain the scope of Hardin's suppression motion, he indicated that he was challenging those statements under the "First, Fourth, Fifth, Sixth, Tenth, Eleventh, and Thirteenth" Amendments to the United States Constitution.[4] In an abundance of caution and in an effort to exhaustively ensure that Hardin's constitutional rights are protected, the Court will conduct a <u>LIMITED</u> evidentiary hearing regarding these statements made by Hardin during the execution of search warrant. That will be the sole issue. Evidence and argument relating to <u>any issue</u> other than this narrow matter will not considered or allowed.

Accordingly, it is

**ORDERED** that an evidentiary hearing on the motion to suppress statements made by Hardin during the execution of the search warrant 08-SW-00133 issued by Judge Larsen will be held before the undersigned on August 10, 2011 at 1:30 p.m. It is further

---

[4] In that same hearing, the government made it clear that the statements made by Hardin might be used at Hardin's trial.

**RECOMMENDED** that the Court, after making an independent review of the record and applicable law, enter an order **DENYING** that portion of Hardin's Motion To Suppress, filed on June 6, 2011 [Doc 76] that challenges the validity of search warrants 08-SW-00132 REL and 08-SW-00133 REL issued by Chief Magistrate Judge Robert E Larsen.

Counsel and Hardin are reminded that each has 14 days from the date of receipt of a copy of this report and recommendation to file and serve specific objections to the same. A failure to file and serve timely objections shall bar attack on appeal of the factual findings in this report which are accepted or adopted by the district judge except upon the ground of plain error or manifest injustice.

*/s/ John T. Maughmer*
**John T. Maughmer**
**United States Magistrate Judge**