IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Criminal Action No. 10-00131-01-CR-W-FJG |
| DENNY RAY HARDIN, | ) ) ) | |
| Defendant. | ) ) | |

## REPORT & RECOMMENDATION TO DENY
## DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant's Motion to Dismiss for Lack of Territorial Jurisdiction (Doc. No. 59). For the following reasons, Defendant's motion should be denied.

### I. BACKGROUND

On May 5, 2010, an Indictment was returned charging Defendant with eleven counts of creating fictitious obligations, four counts of mail fraud affecting a financial institution, and six counts of mail fraud (Doc. No. 1).

On May 27, 2011, Defendant knowingly and voluntarily waived his Sixth Amendment right to assistance of counsel and was allowed to proceed pro se (Doc. No. 58).

That same day, Defendant filed a Motion to Dismiss for Lack of Territorial Jurisdiction (Doc. No. 59). The Government responded to Defendant's motion on June 10, 2011 (Doc. No. 82). Defendant filed a reply on June 17, 2011 (Doc. No. 93).

### II. LEGAL ANALYSIS

Defendant requests dismissal of his case on grounds that the Court lacks "exclusive jurisdictional authority over the exact geographical location where the alleged criminal

activity mentioned in the indictment took place." This argument is without merit and has been uniformly rejected. See, e.g., United States v. McCalla, 545 F.3d 750, 756 (9th Cir. 2008)(stating argument that federal courts are without jurisdiction over matters that do not occur exclusively in federal territory is "wholly without merit"); United States v. Mosley, 186 Fed. Appx. 670, 671-72 (7th Cir. 2006)(holding argument that court lacked territorial jurisdiction over the exact location where the alleged violation occurred was frivolous); United States v. Stabile, 122 Fed. Appx. 856, 857 (7th Cir. 2005)(holding "challenges to the territorial jurisdiction of the district courts are frivolous"); United States v. Banks-Giombetti, 245 F.3d 949, 953 (7th Cir. 2001)(holding challenges to federal territorial jurisdiction of the federal court was frivolous); United States v. Mundt, 29 F.3d 233, 237 (6th Cir. 1994); McClurkin v. United States, 922 F.2d 843 (7th Cir. 1991); United States v. Dilley, No. 1:08-CR-37, 2008 WL 4852685 at *1 (N.D. Ind. Nov. 7, 2008)(finding argument "patently frivolous"). In fact, the United States District Court for the Southern District of Illinois considered the exact argument as raised here and found the argument to be "utterly frivolous." United States v. Bacon, No. 09-CR-30101-MJR, 2009 WL 3719396 at *1 (S.D. Ill. Nov. 5, 2009)(finding argument that the United States government lacks "exclusive jurisdictional authority over the exact geographical location where the alleged criminal activity mentioned in the indictment took place" was "utterly frivolous").

    To be sure, 18 U.S.C. § 3231 states, in pertinent part:

> The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.

Defendant in this case has been charged with creating fictitious obligations, in violation of 18 U.S.C. § 514 (Counts One - Eleven); mail fraud affecting a financial institution, in

violation of 18 U.S.C. § 1341 (Counts Twelve - Fifteen); and mail fraud, in violation of 18 U.S.C. § 1341 (Counts Sixteen - Twenty-One).  "It follows . . . that since 'Congress has provided the district courts with jurisdiction . . . of "all offenses against the laws of the United States[,]"' where an indictment charges a defendant with violating the laws of the United States, § 3231 provides the district court with subject matter jurisdiction and empowers it to enter judgment on the indictment."  Dilley, 2008 WL 4852685 at *2 (involving 18 U.S.C. § 514)(quoting Alikhani v. United States, 200 F.3d 732, 734 (11th Cir. 2000)).  See also McClurkin, 922 F.2d 843 (holding jurisdiction over 18 U.S.C. § 1341 is not territorial).

### III. CONCLUSION

Based on the above, it is

RECOMMENDED that the court, after making an independent review of the record and applicable law, enter an order denying Defendant's Motion to Dismiss for Lack of Territorial Jurisdiction (Doc. No. 59).  It is further

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying Defendant's Motion for Statement of Jurisdiction (Doc. No. 67) as moot.

The parties are advised that, pursuant to 28 U.S.C. § 636(b)(1), each has fourteen days from the date of this report and recommendation to file and serve specific objections, unless an extension of time for good cause is obtained.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
August 2, 2011