IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 10-00131-01-CR-W-FJG |
| | ) | |
| DENNY RAY HARDIN, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT & RECOMMENDATION TO DENY
DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant's Motion to Dismiss (Doc. No. 62). Defendant argues that the Indictment against him should be dismissed for the following reasons: (1) the criminal prosecution was not instituted by criminal complaint; (2) Defendant was not permitted to challenge the array of the grand jury before it was seated; (3) the grand jury initiated its investigation without a preceding criminal complaint; (4) the warrant issued for Defendant's arrest was not accompanied by an affidavit; and (5) the magistrate judge exceeded his authority by asking for a plea during the arraignment. For the following reasons, Defendant's motion should be denied.

**I.  BACKGROUND**

On May 5, 2010, an Indictment was returned charging Defendant with: eleven counts of creating fictitious obligations, in violation of 18 U.S.C. § 514; four counts of mail fraud affecting a financial institution, in violation of 18 U.S.C. § 1341; and six counts of mail fraud, in violation of 18 U.S.C. § 1341 (Doc. No. 1).

On May 27, 2011, Defendant knowingly and voluntarily waived his Sixth Amendment

right to assistance of counsel and was allowed to proceed pro se (Doc. No. 58).

On June 1, 2011, Defendant filed the instant Motion to Dismiss (Doc. No. 62). The Government responded on June 15, 2011 (Doc. No. 88). Defendant filed a reply on June 29, 2011 (Doc. No. 118).

## II. LEGAL ANALYSIS

Defendant argues that the Indictment against him should be dismissed for the following reasons: (1) the criminal prosecution was not instituted by criminal complaint; (2) Defendant was not permitted to challenge the array of the grand jury before it was seated; (3) the grand jury initiated its investigation without a preceding criminal complaint; (4) the warrant issued for Defendant's arrest was not accompanied by an affidavit; and (5) the magistrate judge exceeded his authority by asking for a plea during the arraignment. Each argument will be addressed in turn.

**1.     Lack of Criminal Complaint**

Defendant first argues that the Court lacks subject matter jurisdiction because the criminal prosecution against him did not "begin with an affidavit of criminal complaint" as required by Federal Rule of Criminal Procedure 3. Defendant is mistaken. A criminal prosecution may be initiated by criminal complaint, but it is not required that the prosecution begin in this manner. United States v. Kemp, Nos. 1:07-CR-00142, 1:10-CV-00813, 2010 WL 2710518 at * 5 (N.D. Ohio, July 7, 2010). See also United States v. McDowell, No. 09-20133, 2010 WL 5014445 at *3 (D. Kan. Dec. 3, 2010)(finding "no complaint was necessary" where grand jury made probable cause finding). In this case, Defendant was indicted by the grand jury on May 5, 2010. I note that because Defendant

2

was indicted, he was not entitled to a preliminary hearing pursuant to Federal Rule of Criminal Procedure 5.1. McDowell, No. 09-20133, 2010 WL 5014445 at *4. Defendant's motion to dismiss should be denied on this ground.

**2.     Grand Jury Selection**

Next, Defendant maintains he has been deprived of substantive due process since he was not permitted to "challenge [the] array and disqualify grand jury candidates prior to the grand jury being seated." This Court has previously stated that a defendant does not have the right to challenge the grand jury selection process simultaneous with it occurring. United States v. Montgomery, No. 10-00187-01-CR-W-ODS, 2011 WL 976555 at *5 (W.D. Mo. Feb. 22, 2011)(citing McDowell, No. 09-20133, 2010 WL 5014445 (interpreting 28 U.S.C. § 1867(a) and stating it does not provide that challenges to the grand jury selection processes "may be made during the selection process itself"). Defendant's motion to dismiss should be denied.

**3.     Grand Jury Investigation**

Defendant contends that, absent a complaint, "the grand jury has no basis for an investigation." This is incorrect. A complaint does not need to be pending before evidence can be presented to a grand jury. McDowell, 2010 WL 5014445 at *3; Pitts v. New York, No. 00 CIV. 5505 GEL, 2001 WL 410077 at *1 (S.D. N.Y. Apr. 23, 2001)(stating "grand juries are not limited to considering charges previously presented in a criminal complaint or summons"). The Indictment should not be dismissed on this basis.

**4.     Arrest Warrant**

Defendant complains that a warrant for his arrest was issued without an

accompanying finding of probable cause. As stated in United States v. McLain:

> The Supreme Court has held that "an indictment, 'fair upon its face,' and returned by a 'properly constituted grand jury' conclusively determines the existence of probable cause and requires issuance of an arrest warrant without further inquiry." Ex parte United States, 287 U.S. 241, 250, 53 S. Ct. 129, 77 L. Ed. 283 (1932). The Advisory Committee Notes to Federal Rule of Criminal Procedure 9 state that the Supreme Court's holding in Ex parte United States means that warrants may issue upon indictments and do not require sworn affidavits; the indictment itself provides the probable cause to issue the arrest warrant.

559 F. Supp. 2d 983, 992 (D. Minn. 2008). See also McDowell, 2010 WL 5014445 at *3 ("An arrest warrant can be based upon an indictment, because the grand jury's determination that probable cause existed for the indictment also establishes that element of probable cause for the purpose of issuing a warrant for the apprehension of the person so charged."). Defendant's motion to dismiss should be denied on this ground.

**5. Authority of Magistrate**

Lastly, Defendant argues that I exceeded the authority granted to magistrate judges by asking him to enter a plea at the arraignment. This argument has also been rejected by this Court:

> "Pursuant to Title 28 of the United States Code, magistrate judges have those powers and duties conferred or imposed upon United States commissioners by law or by the Rules of Criminal Procedure for the United States District Courts. 28 U.S.C. § 636(a)(1). Included in this power is the authority of the judge to ask a defendant to enter a plea. Rule 5(d)(4) of the Federal Rules of Criminal Procedure dictates that a defendant may be asked to plead only under Rule 10. Rule 10 ensures that at an arraignment, the defendant has a copy of the indictment or information, the judge reads or states the substance of the indictment to the defendant, and the judge asks the defendant to plead to the indictment. Fed. R. Crim. P. 5(a). An arraignment in accordance with Rule 10 is intended to be a safeguard for due process. Merrit v. Hunter, 170 F.2d 739, 741 (10th Cir. 1948)." McDowell, 2010 WL 5014445 at *4.
>
> Here, the undersigned abided by Rule 5 and Rule 10 during the arraignment of defendant Montgomery (doc. # 16). After defendant was advised of the charges in the indictment, a not guilty plea was entered for

4

him by counsel. The undersigned did not exceed the authority bestowed upon her under Title 28 or the Federal Rules of Criminal Procedure.

Montgomery, 2011 WL 976555 at *4 (quoting McDowell, No. 09-20133, 2010 WL 5014445 at *4). Furthermore, United States District Court for the Western District of Missouri Local Rule 72.1(j)(3) permits magistrate judges to "[c]onduct arraignments in criminal cases not triable by the magistrate judge and take not guilty pleas in such cases." Defendant's motion to dismiss should be denied.

### III. CONCLUSION

Based on the above, it is

RECOMMENDED that the court, after making an independent review of the record and applicable law, enter an order denying Defendant's Motion to Dismiss (Doc. No. 62).

The parties are advised that, pursuant to 28 U.S.C. § 636(b)(1), each has fourteen days from the date of this report and recommendation to file and serve specific objections, unless an extension of time for good cause is obtained.

*/s/ Robert E. Larsen*
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
August 4, 2011